UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WESLEY PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-482-SDD-SDJ** |
| **ROBERT STRINGER, et al.** | |

## ORDER

Before the Court is Plaintiff's expedited Motion for Stay of Proceedings (R. Doc. 52), which was filed on May 6, 2023, and eventually referred to the Magistrate Judge on June 5, 2023. While Plaintiff's Motion for Stay (R. Doc. 52) is difficult to follow at times, the Court is certain that it must be denied without prejudice at this time.

The Motion repeatedly states that Mr. Parker's two children, Lesley Reed and Wesley Reed, have been "substituted [as] parties" under Rule 25.[1] And to accommodate these "newly substituted parties," the Motion requests a "retroactive[]" revision of the Scheduling Order and stay of the entire litigation. (R. Doc. 52 at 1). Although not entirely clear, this requested extension would seemingly include *all* deadlines — both expired and upcoming — in the Court's Scheduling Order. And despite the incredible scope of relief, the Court has no clue how much additional time

---

[1] *See* (R. Doc. 52 at 1) ("next of kin, which include the substituted Plaintiffs herein"; "The substituted parties . . . ."); (R. Doc. 52 at 2) ("the Plaintiffs request"; "appropriate deadlines be provided to allow for the meaningful participation of the newly substituted parties"; "the Plaintiffs ask for an immediate Stay of all proceedings"; "meaningful participation of the substituted parties, namely [Lesley and Wesley Reed]").

is apparently needed.[2] Based on its review of the Motion, there are several issues that prevent the Court from granting the requested relief.

The biggest problem is that the Motion ignores one critical fact — no substitution has taken place.[3] Indeed, the Court issued a Minute Entry (R. Doc. 50) and Order (R. Doc. 51) on April 26, 2023, denying the Motion to Substitute (R. Doc. 44) as procedurally defective and lacking any proof that the proposed substitutes were proper parties. (R. Doc. 50 at 1-2). And a renewed motion to substitute has not been filed.

To be clear, Mr. Parker's children are not currently parties to this litigation. No substitution has been made under Rule 25(a) of the Federal Rules of Civil Procedure. And because the requested relief is erroneously premised on the need to accommodate these "newly substituted parties,"

---

[2] Instead, the Motions simply asks that a "Status Conference be held . . . to address . . . revisions of the current [Scheduling Order]." (R. Doc. 52 at 1). Again, the Court is not clear as to the exact deadlines at issue or the additional amount of time being sought.

[3] But even if substitution had already occurred, the request to extend all deadlines would still be denied, as the Motion makes no effort to show good cause for any extension, or excusable neglect to warrant the reopening of all expired deadlines. *See McCarty v. Dunbar*, 2020 WL 4495467, at *1 (M.D. La. Aug. 4, 2020) (denying motion where plaintiff made no "effort to show good cause to extend the deadline under Rule 16(b)(4), or even excusable neglect for her failure to seek an extension before the deadline had expired" as required by Rule 6(b)(1)(B)); *Anguiano v. Life Ins. Co. of North America*, 232 F.R.D. 584, 586 (W.D. Tex. 2005) ("Plaintiff was aware of the need before the deadline expired and therefore should have moved for an extension of time before the expiration of the deadline under the scheduling order rather than waiting until after the deadline."); *Hernandez v. Cont'l Am. Corp.*, 2017 WL 2599120, at *2 (N.D. Tex. June 15, 2017) ("When a party does not address the good cause standard under Rule 16(b)(4), [a] court [may] den[y] the motion for that reason alone."). The lack of good cause is compounded by the fact that we do not know how much additional time is at issue.

The Court is not suggesting, however, that good cause and excusable neglect could never be shown to extend some of the expired deadlines. But it is hard to see why an extension of certain expired deadlines, such as discovery, would be warranted. Discovery ended months before Plaintiff passed away. (R. Doc. 26). To the Court's knowledge, Plaintiff's passing is not related to the accident at issue in this litigation. And so it would seem that Plaintiff's successors do not have any wrongful death claims to now assert. If that is the case, and they are merely being substituted for Plaintiff, additional fact discovery would seem unnecessary. *See Lopez v. McDermott, Inc.*, 2019 WL 6464973, at *4 (E.D. La. Dec. 2, 2019) ("Ordinarily, when substitution of a party pursuant to Louisiana Code of Civil Procedure 801 is necessary, the lawsuit continues in the procedural posture existing at the time substitution became necessary.").

Finally, Local Rule 7(e) required a certificate stating the position of every other party, yet the Motion fails to include one. Therefore, the Court does not know whether Defendants oppose or consent to the requested relief.

**IT IS ORDERED** that the expedited Motion for Stay of Proceedings (R. Doc. 52) is **DENIED without prejudice**. Any refiled motion seeking an extension of any deadlines, or a stay of this litigation, should correct the errors noted throughout this Order.

As the Court has already made clear, no substitution has occurred under Rule 25(a). To date, a defective Motion to Substitute (R. Doc. 43) has been denied (R. Docs. 50, 51), and Defendants previously filed a suggestion noting Plaintiff's death in the record on March 22, 2023. (R. Doc. 43). *See Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 600 (D. Kan. 2000) (Nothing "prohibits a defendant from suggesting the plaintiff's death upon the record."). Based on the information available, that Suggestion of Death (R. Doc. 43) was served on all counsel of record, as provided in Rule 5. *See* Fed. R. Civ. P. 25(a)(3). The record does not, however, contain information regarding service on any non-parties as provided in Rule 4. *See* Fed. R. Civ. P. 25(a)(3).

If service of the Suggestion of Death (R. Doc. 43) has been perfected on nonparties, the Court **ORDERS** Defendants to **immediately file proof** indicating the date of service in the record. *See Sampson v. ASC Indus.*, 780 F.3d 679, 683 (5th Cir. 2015) ("[A] Rule 25 notice of death must be personally served on a deceased-plaintiff's estate, in accordance with Rule 4, before the ninety-day clock can begin to run on the deceased-plaintiff's action."); *Terry v. Bay St. Louis-Waveland Sch. Dist.*, 2022 WL 1110334, at *1 (S.D. Miss. Apr. 13, 2022) (defendant's motion to dismiss was denied without prejudice because "Defendant ha[d] not provided proof that Plaintiff's personal representatives and/or estate ha[d] been served" with the notice filed by defendant more than 90 days earlier, as required by Rule 25(a)(3)).

If Defendants have not served any **nonparties** with the Suggestion of Death (R. Doc. 43), Fed. R. Civ. P. 25(a)(3), the Court **ORDERS** Defendants to complete **personal service**, as

provided in Rule 4, within **14 days** of this Order. Counsel for the late Mr. Parker will **assist** Defendants by providing any **information** (e.g., full names, addresses, contact information) necessary to perfect service.

Under Rule 25(a)(1), a motion to substitute must be filed within 90 days of the suggestion of death being properly served on all parties under Rule 5, and any nonparties in accordance with Rule 4. *See Kasting v. Am. Fam. Mut. Ins. Co.*, 196 F.R.D. 595, 601 (D. Kan. 2000) (Although the suggestion of death was filed in June of 1997, "the 90-day period was triggered by service of the suggestion of death on September 24, 1997, and expired on December 24, 1997."). "That said, a suggestion of death need not [even] be made on the record before a motion for substitution can be made." *Estate of Jones v. United States*, 2022 WL 417753, at *4 (S.D. Miss. Feb. 10, 2022).

The Court is currently unaware of whether Mr. Parker's legal successors have or intend to retain Mr. Parker's former counsel as their own attorney, or even if they are interested in carrying on this litigation. The Court is certain, however, that Mr. Parker's counsel filed the original Motion to Substitute (R. Doc. 43), and that Motion was denied by this Court over a month ago. (R. Docs. 50, 51). Although the Court took the time to clearly outline the Motion's defects, a renewed motion has still not been filed. (R. Docs. 50, 51).

Any **renewed motion to substitute** should be **filed as soon as possible**. It should correct the defects noted in the Court's first Order and, if filed by Mr. Parker's counsel, must make clear that counsel has indeed been retained by the legal successors seeking to be substituted. *See Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008) (Rule 25's requirement that service be made on "an obviously interested nonparty . . . protects the nonparty from finding himself . . . in a situation in which a lawyer for someone else (the decedent) has thrust him into a case that he would rather not be in, or at least not as the client of this lawyer."); *Fariss v. Lynchburg Foundry*, 769

F.2d 958, 962 (4th Cir. 1985) ("The attorney's agency to act ceases with the death of his client . . . and he has no power to continue or terminate an action on his own initiative. Because the attorney is neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution under Rule 25(a)(1), as the courts have repeatedly recognized."). A **failure** to **diligently** pursue **substitution** may result in **dismissal** for failure to prosecute, notwithstanding the 90-day deadline found in Rule 25(a).

      Signed in Baton Rouge, Louisiana, on June 13, 2023.

                                                       **SCOTT D. JOHNSON**
                                                     **UNITED STATES MAGISTRATE JUDGE**