**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WESLEY PARKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-482-SDD-SDJ** |
| **ROBERT STRINGER, et al.** | |

---

**ORDER**

Before the Court is a Motion to Intervene (R. Doc. 91) filed by Teresa West-Parker ("Movant"). This case arises from an automobile accident that occurred on November 21, 2019.[1] After filing this case, Plaintiff passed away.[2] Based on a judgment rendered in state court awarding Movant an amount in funeral expenses from the Estate of Wesley Parker, Movant seeks to intervene in this matter "as a creditor."[3] No opposition to this Motion has been filed, and the deadline for doing so has passed.[4] For the reasons set forth below, this Motion is **denied**.

Rule 24 of the Federal Rules of Civil Procedure provides for "[i]ntervention—a procedure by which an outsider with an interest in a lawsuit may come in [even] though [she] has not been named as a party by the existing litigants." Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1901 (3d ed. 2007). The rule distinguishes between two kinds of intervention—intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24(a) (intervention of right) and 24(b) (permissive intervention). A court must allow intervention if the motion is timely and the movant either: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the action and is so situated that disposing of the action may impair or impede the movant's

---

[1] R. Doc. 1-3 at 1.
[2] R. Doc. 43.
[3] R. Doc. 91 at 1 (emphasis omitted).
[4] *See* Local Civil Rule 7(f) ("Each respondent opposing a motion shall file a response . . . within twenty-one days after service of the motion.").

ability to protect her interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a) (intervention of right). Rule 24(b) provides that the Court may permit anyone to intervene who (1) is given a conditional right to intervene by a federal statute or (2) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b) (permissive intervention). "Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Harbour v. Sirico*, No. 18-1055, 2019 WL 2338504, at *7 (M.D. La. Jun. 3, 2019) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977)).

Here, Movant has not satisfied the requirements for intervention of right. Movant cites to no federal statute giving her an unconditional right to intervene. Additionally, she does not have an interest relating to the action that is the subject of this suit. "[T]he Fifth Circuit has interpreted [Rule 24(a)(2)] to require a 'direct, substantial, legally protectable interest in the proceedings,' that is, an interest which the 'substantive law recognizes as belonging to or being owned by the applicant.' " *Hancock Whitney Bank v. MOF-Willows, LLC*, No. 25-1152, 2025 WL 2337129, at *6 (E.D. La. Aug. 13, 2025) (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015); *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984)). "Additionally, the movant 'must demonstrate an interest in the subject matter of [the case] and that its disposition may realistically impair that interest,'" meaning "the movant must have an interest 'that is related to the property or transaction that forms the basis of the controversy.' " *Id.* (quoting *Star Floors Inc. v. TC Millwork Holdings Inc.*, No. 23-1618, 2024 WL 780450, at *3 (N.D. Tex. Ja. 19, 2024); *Cal Data Sys., Inc. v. NCS Pearson, Inc.*, No. 07-1390, 2008 WL 1730539, at *3 (S.D. Tex. Apr. 10, 2008)).

The subject of the underlying action is Plaintiff's automobile accident, in which Movant was not involved in any way. Rather, she has a judgment against the estate of the deceased Plaintiff, related to expenditures for his funeral. This purported interest is in no way related to the incident forming the basis of the instant controversy and is not impacted by the disposition of this case. As such, she has no interest in the litigation. The Court, therefore, finds that Movant is not entitled to intervene as of right pursuant to Rule 24(a). *See Hancock Whitney Bank*, 2025 WL 2337129, at *8 (denying intervention of right where movant "may have a viable claim to recover a money judgment against Defendant," but "advances no theory that establishes it has a legally protectable interest in the pending litigation or property as necessary to support intervention of right.").

In her Motion, Movant argues, alternatively, that she satisfies the requirements of permissive intervention.[5] Again, she is wrong. She does not have a claim or defense that shares a common question of law or fact with the instant action. This action concerns an automobile accident involving Plaintiff. There are no common questions of law or fact between that accident and Movant's claim to reimbursement for Plaintiff's funeral expenses from his estate. As such, the Court finds that Movant also is not entitled to permissively intervene pursuant to Rule 24(b). *See Star Ins. Co. v. Military Hwy. Water Supply Corp.*, No. 23-4577, 2024 WL 5275040, at *2 (S.D. Tex. Apr. 25, 2024) (denying request for permissive intervention upon finding no common question of law between the two actions at issue).

[5] R. Doc. 91 at 1.

Accordingly,

**IT IS ORDERED** that the Motion to Intervene (R. Doc. 91) filed by Teresa West-Parker is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 26, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**